The District Court made a clear error of law when it stayed this case and compelled arbitration under Sections 3 and 4 of the Federal Arbitration Act without first determining whether the Arbitration Act even applied to this agreement. The Federal Arbitration Act does not give a district court jurisdiction to stay a case or compel arbitration in any situation involving an arbitration agreement. The Act only applies to a defined set of agreements, and it specifically excludes from its coverage contracts of employment of transportation workers. So unless and until a district court determines that the agreement before the court falls within the jurisdiction of the FAA, within the coverage of the FAA, the district court simply lacks any authority to issue an order under Section 3 or Section 4. Now, as Crema Payne said back in 1967, the first question a court must ask in a FAA case is whether the agreement before the court is one of the kinds of agreements that is covered by the Act. If it isn't one of the kinds of agreements, which it wasn't in the – it was in Crema Payne, but if it isn't, the Act doesn't apply and there is no authority to either stay the action or compel arbitration. I thought Section 1 of the Federal FAA was just a definitional section. Well, as the legislative history makes clear, Section 1 and Section 2 define the kinds of agreements that the entire Act applies to. And this – this – you know, which I – well, look at the agreement and you go to the I forget which agreement I'm looking at here, but which document I'm looking at. But anyway, the one I'm looking at is paragraph 25. And the one provision in that paragraph says, Any disputes as to the rights and obligations of the parties, including the arbitrability of disputes between the parties, shall be resolved by arbitration. Correct. And – but this is not a case about arbitrability. You don't get to questions of arbitrability. But that's – you're just playing with words. No. You don't – you don't get to arbitrability until the Court first determines that the – But then you're – but then you're – in this particular case, then you're essentially pushing it off the issue – it's actually a ruling on the merits, because the heart of this – your claim, the plaintiff's claim here, has to do with whether or not under this contract between the drivers and the – I guess the shipper, I don't know what it is, the trucking company, whether they're employees or whether they're independent contractors. We're not asking for a ruling on the merits. Well, that's the effect of it. It is one element of some of our claims. Well, it's a critical element of your claim. It is a critical element. You have no claim if they're not employees. That is correct. Case is over. Case is over. District Court has no authority under the FAA unless and until it determines that the FAA applies. What the district court here did was to say, I'm going to exercise authority under the FAA, but I'm going to leave it for the arbitrator to decide whether I have that authority. But that's what the parties agreed to. But the parties cannot confer on the district court authority that Congress chose to withheld. In Hall Street v. Mattel and this Court's case in Coya Serra, Supreme Court, Ninth Circuit held the parties can't agree to give a district court greater review power than the FAA provides. The FAA defines what a district court can do on review of an arbitration agreement. The FAA defines what agreements the FAA as a whole applies to. And unless and until the district court finds that the agreement falls within the FAA, it simply has no authority to invoke the FAA. And the Supreme Court held that very issue, held that very point with respect to Section 3. In Bernhardt v. Polygraphic, the question was a stay of proceedings under Section 3. I might find your argument more compelling that it's not the end of this clause that says that the parties had agreed to arbitrability, and it's arbitrary to decide the question of arbitrability. Let me give you an example. If the parties do not agree to arbitrability, it's arbitrary to decide the question of arbitrability. If that clause weren't here, I might think that your argument had some force. That is a delegation clause. That's the way that kind of clause is referred. In Rent-a-Center, Justice Scalia very clearly said what a delegation clause is, is simply an antecedent agreement, an arbitration agreement, that one of the parties asks the Court to enforce. Well, the Court can't enforce it unless it has authority under the FAA. The other problem that I have is, you know, we're in the world of a mandamus review of a district court's order. Correct. Not direct appeal. Mandamus has much more limited relief. Absolutely. The first thing we have to do is to do is to grant the mandamus the Bauman standards. Right. First issue is whether there are other reasons. If you were a district court judge looking at the current state of the law, seeing this clause, why is it so why would we why wasn't what's so clearly erroneous about the district court's order? Well, that's one of the reasons why mandamus is critical here, because the district courts are confused about this. I look to see which cases suggest the district courts are confused about this when you have an arbitrability clause. I didn't see very much. Well, this Court's case in Chiron. You said that the district courts were confused. I want you to tell me which district courts, where there is some district court rulings that show that the district courts are confused about what to do in this kind of circumstance. This Court in this case, the Sanford case, the Sanford case. Sanford. Sanford versus, I forget the site. It's out of California. The defendant's cited a case out of Michigan where the fact is the same. The Ninth Circuit's only, you know, we're not, we don't take, we'd like to cover Michigan, but, you know. These courts cite the Chiron case, which says when arbitration comes up, the court's power is limited to determining whether there's a ballot agreement and whether the issue falls within that. What it doesn't say, because it wasn't an issue, is the first question, as in Prima Paine says, the first question is, is it within the FAA? If it isn't, you don't get to those other questions. And in fact, the Chiron case. So Prima Paine answers the question here. Prima Paine and Bernhardt v. Polygraphic absolutely define, answer this question. Bernhardt v. Polygraphic says absolutely the court could not grant a stay here without. So if I was a reasonably, reasonably prudent, thoughtful district judge and I read Prima Paine, I would know that I should not have, I should not have set this off to arbitration. Can I be subject to a writ of mandamus by the Ninth Circuit? Yes, because Prima Paine begins, Prima Paine is the beginning of all this discussion of arbitrability and what issues can go and can you just send the arbitration clause, even if there's a challenge to the whole contract. But that opinion, what people skip over is the first paragraph of that opinion is the first question we have to answer is whether the FAA even applies, because if it doesn't apply, there's no authority, none. So why isn't that question answered by your willingness to enter into the contract, which contains this provision, and instead of moving to rescind the contract itself, argue instead that there has to be this additional inquiry? Because private parties cannot, by private agreement, confer jurisdiction on a court. I cannot enter into a contract with a defendant saying this is a contract affecting commerce and, therefore, it falls within the FAA. The court has to make that determination, not the private parties. If I enter into agreement with a guy who's mowing my lawn and he agrees to arbitration and I just add in there that this is an agreement affecting commerce, the court isn't bound by that and it has a duty under the FAA to decide whether it is an agreement affecting commerce. They didn't say it's an agreement affecting commerce. They said we agree that any issues relating, including arbitrability, will go to the arbitrator. Right. But there are certain basic issues that private parties cannot agree to. Under this Court's ruling in Three Rivers, they can't agree that the contract was executed. The court has to make that determination. They can't agree on interstate commerce and they can't agree on the exemption. And the reason is those three inquiries are the fundamental jurisdictional inquiries that establish FAA jurisdiction. Once those inquiries have been made by the court, then the parties can make all kinds of private agreements about what goes to the arbitrator. But those three jurisdictional inquiries, private parties cannot confer jurisdiction on the court, and that's what the Hall Street case says. You can't agree to even expand the review procedure. So it goes to the arbitrator, goes to the arbitrator, and the arbitrator listens to the parties and says, oh, this is really an employer-employee relationship. Does he then say, I'm through with this case and go back to the court? Well, that's precisely the case. I don't have any – I don't – this doesn't fall under the arbitration agreement, and therefore it has to go back to the district court? That is precisely the injury, or one of the injuries, that makes this case ripe for mandamus. Because if we go to the arbitrator and the arbitrator decides that this is an employer-employee case and I'm going to award whatever amount of money to the plaintiff, we can't enforce it, because the right to enforce under the FAA is limited to contracts that are not contracts of employment. So if the arbitrator finds it's a contract of employment, we can't enforce it because we're outside the FAA. Well, I don't quite understand that argument. Well, we're not there yet. But you understand, this is – we're in a catch-22. Only contracts of employment of transportation workers are outside the FAA. There is no policy favoring arbitration of those. To the contrary, Congress chose not to require arbitration of those contracts. So if you send this issue to an arbitrator and the arbitrator finds this is a contract of employment of transportation workers, on its face we're outside the FAA. We can't seek enforcement. It goes back to the district court, right? And litigation continues. Well, it would go back to the district court, but we couldn't seek enforcement because on its face it doesn't qualify. Well, presumably if the arbitrator determined that it – there was an employer-employee relationship, I suspect – as Judge O'Grady just suggested, he'd stop, wouldn't make an award, but would send it back to the district court. I don't have – it's not in my bailiwick. All right. If he stops and it goes back to the district court, then we have to appeal, and we're right back here saying it's an employee contract, we're not in the FAA, you need to compel the district court to make that determination himself because he's not bound by what the arbitrator says. There's simply no way out of this catch-22 unless and until an Article III court decides whether the FAA applies. That is the sine qua non of an exercising authority under the FAA. So you want us to read, when they parties this clause, arbitrability, that that does not include anything to do with definitional pain under Section 1? It doesn't – I don't think it does, but it doesn't matter because private parties cannot confer jurisdiction on the court. Okay. The court has to make that determination itself. Before your time expires, we said I'm concerned about whether the relief of mandamus is appropriate under our Bauman decision. Well, in addition to the clear error of law, the error that occurred here occurs because of repeated – it's occurred in the past, it will occur again in Section 1 cases, unless and until this Court clarifies that the statement in Chiron and the statement in Simula are the correct statement once you determine whether we are within the FAA, but you've got to determine that question first. People are just blind to that. One of the things that concerns me is that suppose the matter goes forward to the arbitrator, and Banduzin loses, he still has an appeal, does he not, to appeal a decision on the basis that arbitration was improper? Absolutely. But as this Court held in the Douglas case, she will have lost the ability to represent her Article III, Rule 23 class, and that alone, Douglas says, is enough injury to satisfy Bauman Factor II. So, yes, we will be back, but irreparable injury or harm that can't be cured on appeal will have happened. And the error is clear here. This case is a lot like Sunshine Beauty case, which is a transfer of venue case in a FAA situation, where the Court said that the waste of time of going through the transfer of venue and the cost is sufficient injury to justify mandamus, where the error is so clear. Why would he lose the ability to proceed as a class? Because if she succeeded on her claim in arbitration, her claim is moot. And that's what Douglas holds. Douglas, Graham, and Mandamus, in precisely this situation, precisely this situation where there was a wrongful order of arbitration or compulsion of arbitration, there was the case of Mandamus, but because the Court dismissed the case, no, no, it's a Mandamus case. She filed for mandamus, and this Court held in its Ninth Circuit law that the potential loss of her ability to represent a Article II, Rule 23 class is sufficient injury to satisfy Bauman Factor II, and the Ninth Circuit granted mandamus in a wrongful compulsion of arbitration. Just like this case. Roberts. I'll give you some time for rebuttal. Good morning, Your Honors. May it please the Court. I'm Ronald J. Holland, on behalf of Real Parties and Interest, Swift Transportation, Interstate Equipment Leasing, and Mr. Moyes and Mr. Killebrew. The issue presented today is whether the district court committed clear error when it enforced the operator agreements, the arbitration agreements in the operator agreements against Ms. Van Dusen and Mr. Scheer. The district court's analysis was simple and straightforward, pursuant to both Prima Paint and Renta Center. The issues confronted are two. Was an agreement made? Does the arbitration clause encompass the dispute between the parties? Whether an agreement was made is a simple analysis, pursuant to the legislative history and the cases that follow. The analysis is, is there a piece of paper, is it in writing, is it signed by the parties, and does it contain an arbitration clause? That's not in dispute here. Petitioners don't dispute. There's a written document, an arbitration clause, and it's signed. The second analysis is, does the arbitration clause encompass the dispute? Your Honor points out that there's an arbitrability delegation clause that covers this particular dispute. Indeed, there's a specific delegability clause that delegates the issue of the type of relationship created between the parties to the arbitrator. That's also in the arbitration clause. So there's no dispute that it's delegated. Petitioners would argue instead that no agreement was made. That's their argument. But no agreement was made because it cannot be made pursuant to Section 1. No, there are, you know, excuse me. Go ahead. No, you do it. Judge Grady, you can. The argument is you skip Step 1, and the FAA Sections 1 through 4 have to read, be read independently, as Bernhard said, and that the court first has to consider jurisdiction and whether to send the agreement to the arbiter. And you look at the definition of the terms that Congress believes should be subject to the FAA and make that decision, and then move on. We'd submit, Your Honor, that it's not a jurisdictional question. Instead, it's a question similar to that analyzed in both PrimaPaint and in Rent-a-Center. The issue goes to contract formation. The issue goes to — similar to Rent-a-Center, the issue was unconscionability. If the agreement was unconscionable, if there was different power in the negotiation of the agreement, then the agreement is not intact, and it's not enforceable under the FAA. That's a requirement for jurisdiction under the FAA, that there be a valid arbitration agreement. This argument is no different than the argument in Rent-a-Center. The argument here is that an agreement for arbitration could not be made because the individuals involved are employees and not independent contractors. So there's no existence of a relationship which would entail arbitration. I mean, if you look at the Three Valleys v. Hutton case out of the Ninth Circuit, a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate. Only a court can make that decision. I would — I'd respond in two ways. First, going back to the analysis in PrimaPaint, Your Honor suggested that one — if one looked at PrimaPaint and asked Petitioner's counsel whether that would end the inquiry, we'd submit that it would end the inquiry. It would end the inquiry because, pursuant to PrimaPaint, the issue to be decided is the — I don't know if the Court used the whole ball of wax expression, but it's the whole ball game. Excuse me. It is the whole ball game. We're done. It's the end of the analysis. They're declared employees by the Court. And on the face of the agreement, these individuals were not paid as employees. They were not treated as employees. Their terms of their contract were not employment terms. They were contractor terms. And so — That's the dispute that the — Van Heusen — Van Heusen wants to present to the district judge, correct? I believe that that's correct, Your Honor. But, again, it requires the district court to get into the merits of the dispute. And if you go as far back as the Steelworkers Trilogy, followed by AT&T, Tex, and followed by PrimaPaint, the Court has said unequivocally, regardless of the delegation clause, the arbitrator cannot reach the merits of the issue. And that was recently cemented by the Court in Concepcion, AT&T, the overwhelming presumption in favor of arbitration pursuant to the FAA. So what happens if it goes to the arbitrator? And the arbitrator, despite the contract that the party signed, says, ah, this is really nothing more than an employer-employee relationship. It's in the transportation industry. Does that mean he washes his hands of it and it goes back to the district court? Well, I would submit that that's up to Petitioners. Petitioners certainly could voluntarily at that point agree to continue with their claims before the arbitrator. There are some claims, forced labor and other claims, that may not necessarily touch on the employer-employee question. So they could pursue those claims before the arbitrator. Or Van Dusen, as an individual, can submit that claim to the district court. Remember that the benefit of the party's bargain was — let me step back. If you look at the owner-operator agreement, there's a clear intent at that snapshot in time that the parties agreed that these individuals were owner-operators and not employees. They all agreed and envisioned that there might be a dispute over the relationship created. So they put a specific delegation provision in the agreement delegating that matter to the arbitrator. In addition to that, they agreed that the class action device, the class action device, would not be a device available to the individuals in arbitration. Correct. However, if you accept Plaintiff's argument, Plaintiff's argument is that the district court should entertain this issue. They should entertain this issue via summary trials in Section 4, and they should do so using the class action device. It's quite possible that the district court will decide that these are not employees, but, in fact, independent contractors, as they intended. At that point, the Court has not only decided the merits of the issue, they've also allowed the class action device to be utilized completely inconsistent with the intent of the parties. I mean, if this is viewed as a jurisdictional issue, and I'm not quite sure if jurisdiction is the correct term, you know, you can make a — the district court can make a preliminary determination that wouldn't — I don't see how — why it would affect the class action issue. It's just a preliminary determination. I mean, on the exemption issue. Right. And then you get to the questions of arbitrability of the dispute. Well, in order to — under Section 4, Section 4 talks about if the district court were to entertain an issue similar to this, it would do so in summary fashion. Reviewing the legislative history on the making of an agreement, we're looking again at issues of was there a piece of paper, was it signed, does it contain an arbitration clause, not a complex 12-factor, 16-factor analysis under certain law of whether these individuals are employees or independent contractors. And, indeed, the Court couldn't decide that issue based on the documents alone. They can't decide the issue on the contracts before you. It actually — Why would the district court, though, for purposes of this determination have to make such a — such an unambiguous definitive ruling? Because the party — because arbitration is a creature of contract. The parties agreed, pursuant to their contract, to not only go to arbitration, but to limit the claims to individual claims as opposed to a class action device. If the Court were to utilize — were to decide superficially that it seems like they're employees for purposes of the statute, but we're really not sure, we're going to   And so, I mean, I could say that it looks like, you know, we're looking at the contract with the parties, we're looking at the 12-factor. It looks like there's an employee — there's an independent contractor relationship going on here. Off you go. Well, in fact, you know, it's not unclear that the district court didn't actually do that. The agreements before the district court are independent contractor agreements, owner-operator agreements. There's absolutely no evidence as part of the agreements that the parties intended to create an employment relationship. On that record, the district court did the two-step analysis of, was there an arbitration agreement made, and is the dispute, whether these folks are individual — independent contractors versus employees, did that analysis and said it's covered by the arbitration clause. Let me ask you, suppose you go to arbitration and they went on the employer-employee relationship issue, and let's say that the arbitrator just keeps the case and enters a ruling in favor of the petitioner, and does — can he ever get that case back into federal court? What happens? Sure. I mean, in this matter, the court didn't dismiss. It stayed the action. And so if the arbitrator were to make that determination, it would go to the district court. Even if he rendered a decision? If the arbitrator rendered a decision determining that these individuals are employees and therefore — Made an award of money, I don't know, $10,000. But if the arbitrator went that far to decide in favor of petitioners and render an award of money, no, it wouldn't go back to the district court. At that point, it's decided and the individual has received the relief that they — that they bargained for. Where do you point to in the record that you believe the district judge considered the employee-independent contractor issue in determining to send the case to arbitration? Well, what I would say immediately in response, Your Honor, is I said it's not clear that he didn't consider that issue. But what I would say is that based upon the facts, as the court outlined them in the decision and they were meticulous, the court outlined the owner-operator-independent contractor relationship clearly. I don't understand how you can get around the very clear language of Section 1, which says nothing contained herein shall apply to contracts of employment of several other class of workers engaged in foreign or interstate commerce. Now, if nothing in that statute applies to workers engaged in foreign commerce, how do Your Honor, I'm not — I'm not suggesting that we get around that language. I'm not suggesting that we get around that language. I'm simply suggesting that under the unique facts presented here, for the court to decide this issue would violate the teachings or be inconsistent with the teachings of Prima Paine, and I would suggest that if the court would decide the issue here, regardless of the fact that the parties specifically delegated this issue to the arbitrator, that would be inconsistent with the Supreme Court's teachings in Renta Center. The issue gets decided. It just gets decided by the arbitrator. And to rule differently, to rule that this issue always gets decided by the court means that with regard to seamen, railroad workers, or transportation workers in Section 1, none of those workers would ever get the determination in a misclassification case by an arbitrator, even though it was just and proper, because what the court would be saying here is that we're going to make the determination always, and that determination goes to the merits of the case in misclassification cases. Isn't that the fact it says, though? It says that it doesn't apply to employees that are engaged in commerce. It does, Your Honor, but it also says that it doesn't apply if an agreement to arbitrate has not been made, and we know that the Supreme Court allows that issue to be delegated to the arbitrator, and this is no different than that issue. And actually, it's more compelling than the issue presented there, because in Renta Center, the issue was unconscionability, and it went to whether the parties had actually mutually assented to give the jurisdiction to the arbitrator. Here, there's no question of mutual assent. There's no question that the parties entered into an agreement to arbitrate their claims, specifically this issue, and that the issue should go to the arbitrator. Kennedy. The question is, how do you, in following that line of questioning, how do you justify that under the Howsam v. Steele literature, where Justice Breyer decided, where he said, you know, the gateway disputes about whether parties are bound by the arbitration clause are to be decided by the district court? And he cites a series of different factual disputes. Well, I would say that the Howsam rule is that the delegation needs to be clear and unmistakable, and that doesn't change in Renta Center. Renta Center capitalizes on that and allows the unconscionability issue. Pursuant to a clause that says the arbitrator gets to decide whether this agreement is void or voidable, that was the provision at issue, and the Court allowed that to proceed to arbitration. And I realize that the Court doesn't cover Michigan or Minnesota, but if I may just briefly, the analysis is as simple as the district court's analysis in Green. The district court in Minnesota, subsequent to Renta Center, was faced with this exact issue. And the Green court said there's an agreement in writing, it's signed by the parties, and it contains an arbitration clause. And not only does it contain an arbitration clause, but it delegates this arbitrability issue to the arbitrator and then cites the fact that the parties knowingly incorporated the commercial rules of arbitration. And Section 7 of the commercial rules of arbitration allows the arbitrator to decide his own jurisdiction. And on that basis found that pursuant to Howsam and Renta Center, there's a clear and unmistakable waiver of this issue. I think your argument would be a little bit more difficult if the arbitrability clause were not contained in the arbitration provision. It might be more difficult in that Renta Center, I don't know that I could rely on Renta Center as much as I have, but it would still fall squarely within Prima Payne. And Prima Payne, remember, didn't have a delegation clause. But the Court looked at the issue and based upon, again, based upon teachings of 60 or 70 years going way back to its labor origins of Steelworkers Trilogy, found that to decide the issue before it decides the merits. And based upon the FAA, the overwhelming presumption in favor of arbitration, the Court should not do that and it should honor the intent of the parties. Thank you, Your Honor. Thank you. I may very briefly pick up on a couple points. This case is like Three Rivers. It is absolutely cannot be taken away from the courts have an absolute duty under Three Rivers to decide the existence of a contract. But it's not the existence of any contract. It's the existence of a contract that falls within the FAA. If this were a contract that said on its face, these are employees engaged in transportation, there wouldn't be any question that even though we might have agreed to the arbitration agreement, it could not be enforced because it is not covered by the FAA. And that's really the situation we're in. My colleague relies heavily on Rent-A-Center. But Rent-A-Center and all the cases about issues of arbitrability, all of them, look at them. They all involve agreements that fall within the FAA. The first question in cream of paint has already been decided. And once that case has been, once you're in the FAA, absolutely, you can defer things to the arbitrator. You can send almost anything to an arbitrator, but you cannot send the initial question of whether the act applies because that's where the court derives its authority. And I use jurisdiction, but it's jurisdiction in the sense of the court's authority to act. There is no authority under the law to grant a stay or compel arbitration unless the FAA gives it to the judge and the judge has to decide whether it gives it to him. That's what Bernhardt holds. And Bernhardt controls this case. The first paragraph of cream of paint controls this case. You've got to bring it within the FAA before you get to any of the issues in Rent-A-Center or Housham or any of those other cases. And that's what Bernhardt controls this case. As Scalia says in Rent-A-Center, all these delegation clauses are just sort of a antecedent arbitration agreement that the court has to enforce, but it can only enforce if it has the authority. Thank you. I think we got it. Okay. We appreciate your arguments. Thank you very much. Thank you for your counsel. I will submit it at this time.
judges: O'grady, Hug, Paez